## Case No. 12,622.

### SEDGWICK v. PLACE et al.

[1 N. B. R. 673 (Quarto. 204): [1] 1 Am. Law T. Rep. Bankr. 97; 34 Conn. 552.]

Circuit Court, S. D. New York. June, 1868.

BANKRUPTCY—ASSIGNMENT UNDER STATE LAW.

A general assignment by insolvent debtors, under New York state law, for the benefit of creditors, untainted by fraud as against any creditors, or the bankrupt act [of 1867 (14 Stat. 517)], is valid, and the property will not be turned over to the assignee in bankruptcy.

[Cited in Spicer v. Ward, Case No. 13,241; Barnes v. Rettew, Id. 1,019; Beecher v. Clark, Id. 1,223; Mayer v. Hellman, 91 U.

———

[1] [Reprinted from 1 N. B. R. 673 (Quarto, 204), by permission.]

S. 502; Globe Ins. Co. v. Cleveland Ins. Co., Case No. 5,486; Re Temple, Id. 13,825; Myer v. Crystal Lake Pickling & Preserving Works, 14 N. B. R. 16.]

[Cited in Torlina v. Trorlicht (N. M.) 27 Pac. 798.]

[This was a bill by John Sedgwick, assignee in bankruptcy of James K. Place and James D. Sparkman, against James K. Place and others.]

NELSON, Circuit Justice. The bill is filed in this case by an assignee in bankruptcy, to compel the defendants, L. W. Burnett, Jr., and Thomas T. Sheffield, to deliver into his possession certain property and assets, which are claimed as belonging to the estate of the bankrupts, and which have become vested in him under and by virtue of the proceedings in bankruptcy. The case as presented in the papers is this: The bankrupts suspended payment of their debts, being insolvent, the 20th November, 1867; and several suits having been instituted against them, with a view to an equal distribution of their assets among all the creditors, made an assignment of all their property, real and personal, to the defendants, in trust, to convert the same into money, and pay their debts; and in case the fund fell short of paying all their debts, it should be distributed equally among all of the creditors, pro rata. The assignment was made and executed under and by virtue of the statute of the state of New York, relative to general assignments by insolvent debtors for the benefit of their creditors. It was duly recorded in the office of the clerk of the city and county of New York, and within the time prescribed the assignors made and filed under oath a full and complete inventory of all their estates, real and personal, and of all their debts and liabilities. The assets were large, and the assignees were required to enter into bonds with good and sufficient security for the faithful discharge of their trust to the amount of $320,000. The assignees are engaged in the execution of their trust, and have already on deposit in the United States Trust Company, $45,000 awaiting distribution among the creditors. At the time of this assignment the insolvent debtors had no intention or expectation of applying for the benefit of the bankrupt act, nor had the assignees any reason for the belief that any such intention existed. All intention to defraud creditors or to prevent the property of the debtor coming to an assignee in bankruptcy, is denied by the parties: and there is no proof in the case to the contrary. The insolvent debtors not being able to make a settlement with their creditors, and apprehending the provisions of the bankrupt act might cease relative to voluntary applications, unless by the assent of the creditors, or the payment of fifty cents on the dollar, applied in February following, by petition, for the benefit of the act, and were adjudged bankrupts as copartners on the 7th of that month.

The motion upon this state of the facts is, that the assignment under the state law be set aside, and the assignees render an account to the complainant as assignees in bankruptcy, and that they be restrained from any further execution of the trust. Assuming the assignment in question to be untainted with fraud, either against creditors or against the bankrupt act, which is the present position of the case, we find nothing in the provision of the law which would authorize us to take this property out of the hands of the assignee under the state law, and turn it over to the assignee in bankruptcy, and must therefore deny the motion for a preliminary injunction.

Motion denied.

[NOTE. Upon motion of the plaintiff a receiver was subsequently appointed. Case No. 12,619. Certain funds in the hands of the receiver were ordered distributed among the creditors of the bankrupts. Id. 12,623. Subsequently a final decree was entered. Case unreported. Upon reargument the settlement made by James K. Place upon his wife of certain real estate and furniture was declared not fraudulent as to the creditors of the said Place. Case No. 12,620. Upon appeal to the circuit court, the decree of the district court was reversed upon this point. Id. 12,621.]